Wright, J.,
delivered the opinion of the Court.
On the 18th of September, 1856, the plaintiff in error made the following proposition, in the “ Knoxville Standard, to bet on the Presidential election, then pending, namely:
“A CHANCE EOR EILLMORE MEN.
$250 00 that Buchanan beats Eillmore in Tennessee.
$250 00 that he beats him 500 votes in Tennessee.
*654 $250 00 that he heats him 1000 votes in Tennessee.
$250 00 that he heats him 1500 yotes in Tennessee.
$250 00 that he ■ heats him 2000 votes in Tennessee.
$250 00 that he beats him 2500 votes in Tennessee.
$250 00 that he heats him 8000 votes in Tennessee.
$250 00 that he beats him 3500 votes in Tennessee.
$250 00 that he ■ heats him 4000 votes in Tennessee.
“All the above to he taken together, and the money to he deposited in the Bank of Knoxville, or Union Bank. . If any one wishes to take the above, they may reduce the amount on each proposition to $50 00 or $100 00.”
On the 29th of the same month, the bet was taken by Cooke & Co., and $2250 00, the sum proposed, were put up and deposited by each of the parties, in the hands of a mutual friend, to be handed over to the winner, when the result of the election was ascertained; that is, whatever might be due either party, under the terms of the wager.
This bet embraced nine different propositions, as to the majority one of the candidates would receive; but all the propositions to be taken as one bet; and in the agreed case, it is stated they were all taken as one bet, and that it was clearly and distinctly so understood by all the parties to it.
The plaintiff in error has been prosecuted by nine separate and distinct presentments for this offense, treating it as so many different bets, or wagers, and has been convicted and punished under one of them; and now pleads and relies upon this conviction in bar of the others. And the question for our decision is, *655 whether this transaction constitutes one offense only, or nine distinct offenses.
The act of 1828, ch. 25, § 2, (0. and N. Rev., 462,) declares that any person or persons, who shall hereafter make any bet or wager of money, or other valuable thing, upon any election or elections, in this State, shall he guilty of a misdemeanor. And by the act of 1856. ch. 68, sec. 1, betting on elections is declared to he, and is gaming. An ingenious and elaborate argument is made in behalf of the State to prove that nine distinct bets, or wagers, exist in the case, and that as many different indictments will lie. But we cannot assent to the soundness of the argument. It is granted that a man may commit several distinct offenses in the same act, and that the prosecutor may carve as large an offense out of the transaction as he can; yet the better rule seems to be, that he is not at liberty to cut but once. Mr. Bishop, in his work on Criminal Law, (1 vol. sec. 685,) says, the contrary doctrine is but imperfectly supported, or at least but indistinctly defined by the authorities. The decisions in the different States and in England, seem to be in conflict. Thus it was held in Vermont, that where the same blow wounded two men, a conviction for an assault and battery committed on one of them, would bar an indictment for an assault and battery on the other. And in Horth Carolina, where there was a duty to keep the streets of an incorporated town in repair, and several indictments were found on the same day, for breaches of this duty in respect to several streets, it was held that a conviction on one, would bar proceedings on the others. And in Georgia, the broad doctrine is laid *656 down, that a.conviction or acquittal on one indictment will bar a second, wherever the proof shows the second case to be the same transaction with the first. . On the other hand, English and American authorities are to be found to the contrary. 1 Bishop, sections 680 to 689.
And in Fiddler vs. The State, 7 Humph., 508, it was held that to a presentment for gaming by betting on a horse race run along a public road, it is a good defense that the defendant had been convicted and punished for running the race. It is not contended that the bet in this case constitutes more than one transaction ; and if it were admitted to embrace more than one hazard, it might be difficult, upon sound authority, to maintain more than one conviction. But without laying down any distinct rule as to this matter, we think this transaction does, in fact, constitute but one bet, or wager, within the statute; so combined and arranged that it may be difficult to tell what will be the actual loss of the losing party, until the election has transpired. It is difficult to reason about a thing like this, and much may be said on both sides of it. ■But we think to cut up this transaction into nine distinct offenses, and as many punishments, cannot be supported by sound argument or authority. The conviction, therefore, already had, must be held a bar to the remaining presentments.
As to the other question, we think the presentment was correctly found by the grand jury, on the testimony of a witness that was sent before them, to testify as to gaming. The act of 1856, ch. 68, secs. 1-2, changes the act of 1841-2, ch. 31, sec. 14, *657 and the rale in Deshazo vs. The State, 4 Humph., 275.
The judgment of the Circuit Judge will be reversed.